UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOY MANGENE and GREGORY MANGENE,<br>Plaintiffs,<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY,<br>Defendants. | CASE NO. 3:06cv1140 (AWT)<br><br>JURY TRIAL DEMANDED<br><br>JULY 21, 2006 |

## INTRODUCTION

1.  This is a suit brought by a husband and wife residing in Connecticut who mortgaged their home with the Defendant, Ameriquest Mortgage Company. The Plaintiffs claim that Ameriquest violated the Federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and the Connecticut Truth-in-Lending Act, Conn. Gen. Stat. (C.G.S.) § 36a-676 *et seq.*, (collectively "TILA") in the transaction by failing to properly notify them of their right to rescind the mortgage as required by TILA. The Plaintiffs also accuse the Defendant of violating the Connecticut Unfair Trade Practices Act ("CUTPA"), C.G.S. § 42-110a, *et seq.*, by failing to comply with the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2604, and C.G.S. § 36a-498a which regulates the assessment of prepaid finance charges in a first mortgage loan.

## PARTIES

2.  Plaintiffs, Mr. & Ms. Mangene, are consumers and natural persons residing in New Britain, Connecticut.

3. The Defendant, Ameriquest Mortgage Company, is a foreign corporation with a primary place of business in Orange, California.

4. Defendant is a Connecticut-licensed first mortgage lender.

## JURISDICTION

5. Jurisdiction in this court is proper pursuant to 15 U.S.C. §1640(e) and 28 U.S.C. §§ 1331-32. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

6. This court has jurisdiction over the Defendant because it regularly conducts business in this state.

7. Venue in this court is proper, as the Plaintiffs are residents of Connecticut and the action concerns real property located in this state.

## FACTS

8. On or about March 31, 2005 Plaintiffs entered into a loan agreement with the Defendant and provided a mortgage on their residence to secure the indebtedness.

9. This mortgage was a "federally related mortgage loan" as that term is defined by 12 U.S.C. § 2602 and was within the scope of the the Real Estate Settlement Procedures Act.

10. Between the time the Plaintiffs applied for a loan from Defendant and when they closed on the mortgage, Defendant did not provide Plaintiffs with a "good faith estimate" of the closing costs for the mortgage as required by the Real Estate Settlement Procedures Act, 12 U.S.C. § 2604 and 24 C.F.R. (Reg. X) § 3500.7.

## COUNT ONE
## Truth in Lending Act

11. The plaintiff re-alleges all of the preceding paragraphs as if fully restated herein.

12. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

13. In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each plaintiff two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

14. The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

15. The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail on August 31, 2005, which notice was received by Defendant.

16. More than twenty calendar days have passed since Defendant received the notice of rescission.

17. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z § 226.23(d)(2).

18. The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

19. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for: Rescission of this transaction; termination of any security interest in Plaintiffs' property created under the transaction; return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction; statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice; forfeiture of loan proceeds; actual damages in an amount to be determined at trial; and a reasonable attorney fee.

## COUNT TWO
### Connecticut Unfair Trade Practices Act (RESPA)

20. The plaintiff re-alleges all of the preceding paragraphs as if fully restated herein.

21. Defendant committed unfair and deceptive acts and practices in trade or commerce within the meaning of Connecticut's Unfair Trade Practices Act, C.G.S. § 42-110a, *et seq.*, ("CUTPA"), by failing to provide Plaintiffs with a "good faith estimate" of the closing costs within the time period required by the Real Estate Settlement Procedures Act, 12 U.S.C. § 2604.

22. Defendant's failure to provide the good faith estimate in a timely fashion prevented Plaintiffs from discovering the closing costs in advance and deprived them of the opportunity to comparison shop and seek less expensive financing from other lenders.

23. Defendant's conduct falls within the penumbra of the statutory concept of unfairness.

24. Plaintiffs have suffered an ascertainable loss due to Defendant's violation of CUTPA. Specifically, Plaintiffs incurred excessive and duplicative closing costs which they would not have incurred had they received the good faith estimate in a timely manner and had

the opportunity to shop elsewhere, which would have enabled them to realize the unreasonableness of Defendant's charges.

25. Defendant's conduct is in violation of federal law regulating real estate settlement procedures and was undertaken without regard to the rights of consumers, especially the Plaintiffs.

26. As a result of Defendant's violations of CUTPA and pursuant to C.G.S. § 42-110g, Plaintiffs are entitled to receive their actual damages, punitive damages in the discretion of the Court; plus reasonable attorney's fees, and costs.

## COUNT TWO
### Connecticut Unfair Trade Practices Act (C.G.S. § 36a-498a)

27. The plaintiff re-alleges all of the preceding paragraphs as if fully restated herein.

28. Ameriquest is a Connecticut-licensed first mortgage lender.

29. Plaintiffs' mortgage is a first mortgage loan

30. In the course of making Plaintiffs' mortgage, Defendant violated C.G.S. § 36a-498a by charging, imposing, or causing to be paid prepaid finance charges that exceeded, in the aggregate, the greater of five percent of the principal amount of the loan and two thousand dollars.

31. Defendant committed unfair and deceptive acts and practices in trade or commerce within the meaning of Connecticut's Unfair Trade Practices Act, C.G.S. § 42-110a, *et seq.*, ("CUTPA"), by violating C.G.S. § 36a-498a.

32. Defendant's conduct falls within the penumbra of the statutory concept of unfairness.

33. Plaintiffs have suffered an ascertainable loss due to Defendant's violation of CUTPA. Specifically, Defendant's violation injured Plaintiffs by causing them to pay prepaid finance charges in excess of the amount legally permitted.

34. Defendant's conduct is in violation of state law regulating mortgages and was undertaken without regard to the rights of consumers, especially the Plaintiffs.

35. As a result of Defendant's violation and pursuant to C.G.S. § 42-110g, Plaintiffs are entitled to receive their actual damages, punitive damages in the discretion of the Court; plus reasonable attorney's fees, and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Assume jurisdiction of this case;

2. Declare void Defendant's security interest in Plaintiffs' residence;

3. Enter an order that the mortgage transactions are rescinded;

4. Order Defendant to take all action necessary to terminate any security interest in the Plaintiffs' property created under the transaction and declare all such security interests void, including but not limited to the mortgage related to the transaction;

5. Order the return to the Plaintiffs of any money or property given by them to anyone, including the Defendant, in connection with the transaction;

6. Enjoin Defendant during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiffs' property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiffs of ownership of the properties;

7. Award the Plaintiffs statutory damages for the Defendant's failure to respond properly to their rescission notice in an amount not less than $200 or more than $2,000 as provided under 15 U.S.C. § 1640(a);

8. Order that, because the Defendant failed to tender in response to the Plaintiffs' notice of rescission, the Plaintiffs have no duty to tender, but in the alternative, if tender is required, determine the amount of the tender obligation in light of all of the Plaintiffs' claims and order the Defendant to accept tender on reasonable terms and over a reasonable period of time;

9. Award actual damages in an amount to be established at trial;

10. Award punitive damages pursuant to C.G.S. § 42-110g;

11. Award the Plaintiffs costs and reasonable attorneys' fees as provided under 15 U.S.C. § 1640(a) and C.G.S. § 42-110g;

12. Award such other and further relief as the Court deems just and proper.

PLAINTIFFS,
GREGORY & JOY MANGENE

By: _____
Andrew G. Pizor (ct27015)
apizor@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd.; Suite 512
Rocky Hill, Connecticut 06067
Tel. (860) 571-0408  Fax (860) 571-7457